Michael Peffer (SBN: 192265)
**PACIFIC JUSTICE INSTITUTE**
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Patricia Krause Schneider (SBN: 289600)
1321 Upland Dr, Ste 6357,
Houston, TX 77043-4718
310-779-6695
pat@healthybizz.com

Attorneys for Plaintiff, CHRISTINA CARROLL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CARROLL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TOBII DYNAVOX, et al, and DOES 1 to 100, inclusive | Case No.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

- 1 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## INTRODUCTION

Plaintiff, CHRISTINA CARROLL, brings this action against TOBII DYNAVOX, (TOBII), an international, publicly held corporation. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.) and the California Fair Employment and Housing Act (Cal. Govt. Code 12900 et seq.), and the common law tort of Wrongful Termination in Violation of Public Policy.

The gravamen of the Complaint is that the TOBII refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because she asked for accommodation of her religious beliefs. TOBII knew or should have reasonably known that Ms. Carroll held religious beliefs because she asserted them. TOBII nevertheless failed to accommodate and terminated an employee in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

**1.** The Court has authority over the action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy.

**2.** Venue is proper in the Southern District of California under 42 U.S.C. § 2000e-5(f)(3), in that the TOBII maintains significant operations within the Southern District of California. Plaintiff worked out of her home in Chino Hills, CA in San Bernardino County. By virtue of hiring Plaintiff to work out of her

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

home, TOBII maintained significant operations in San Bernardino County, and the situs of the alleged unlawful employment practices took place therein.

## PARTIES

### PLAINTIFF

3.   At all times relevant herein, CHRISTINA CARROLL was an employee of TOBII and worked her final position as Solutions Consultant. Ms. Carroll resided in Chino Hills, CA in the county of San Bernardino, at the time of the events that gave rise to the Complaint.

### TOBII

4.   Upon information and belief, TOBII DYNAVOX, is a Delaware limited liability company, operating in the county of San Diego, California. At the time of the events that gave rise to this Complaint, TOBII employed Plaintiff as a Solutions Consultant.

### STATEMENT OF FACTS

5.   Ms. Carroll was employed with TOBII, from 2016 to January 04, 2022. She held the position of Solutions Consultant with TOBII.

6.   Ms. Carroll is a follower of the Christian faith, within the Catholic denomination.

7.   Ms. Carroll believes that her body belongs to God and is a temple of the Holy Spirit.

8.   Ms. Carroll believes that it is against her religion to ingest or inject her body with possible harmful substances.

9.   Ms. Carroll's understanding is that the manufacturers of the COVID-19 vaccine use aborted fetal tissue, the lining of aborted fetal tissue, or both forms of fetal tissue. Ms. Carroll's faith strongly opposes abortion and the use of aborted fetal tissues for any reason.

10. From March 2020 to May 2020, the sales department for TOBII, for which Ms. Carroll belongs, successfully worked remotely. During that time, Ms. Carroll was rewarded for her performance by winning competitions for working remotely.

11. TOBII put in place and executed safety protocols by requiring Personal Protection Equipment (PPE).

12. On June 02, 2020, the TOBII Corporate office announced a return to in-office work status by August 15, 2020, for office staff.

13. Ms. Carroll presented her religious exemption on August 9, 2021, to be placed in her file, prior to the formal request by TOBII for exemptions. TOBII HR responded on August 11, 2021, that there was no mandatory COVID-19 vaccine policy in place for TOBII employees, but that Ms. Carroll's religious exemption request would be revisited if such a policy was implemented.

14. On October 12, 2021, TOBII sent notification to all of its employees of its intention to implement a mandatory COVID-19 vaccine policy due to the federal contractor vaccine requirements. All employees would have to be fully vaccinated by December 8, 2021. TOBII stated that employees would be allowed to apply for religious and medical exemptions as per Title VII of the 1964 Civil Rights Act.

15. As per the different vaccine manufacturers' dosage schedule, the Moderna and Pfizer vaccines would require employees to have their first dosage by October 27 and November 3 respectively, and the final dosage for both by November 24. The Johnson & Johnson only required one dose, which therefore had to be taken by November 24 to comply with the policy's December 8 deadline.

16. On October 13, 2021, Ms. Carroll reapplied for a religious exemption to TOBII's now mandatory COVID-19 vaccine policy.

17. On November 15, 2021, TOBII denied Ms. Carroll's request for religious

- 4 -

exemption. According to TOBII, an undue hardship to the company would occur due the costs of weekly testing of the unvaccinated.

18.  With the late denial of Ms. Carroll's request for a religious exemption, the only vaccine that available so as to comply with TOBII'S vaccine policy was the Johnson & Johnson vaccine. TOBII'S negligence in failing to promptly reply to religious exemption requests greatly limited employees' vaccine choices, if the employee decided to have the vaccine administered anyway.

19.  All government entities and contractors are bound by the laws of the United States of America as all individuals and businesses of the United States. Although a government contractor or entity requires COVID-19 vaccines for all its employees and contractors, Title VII of the Civil Rights Act of 1964, § 2000(e) et seq, was and is still available for all employees, protecting Civil Rights for all individuals.

20.  Prior to the implementation of its COVID-19 vaccine policy, TOBII had provided for weekly testing for its employees, PPE protocols, and allowed employees to work remotely. All during this time, these accommodations were allotted for all TOBII employees. With a greatly reduced number of employees needing accommodations after TOBII'S vaccine policy deadline of December 8, 2021, since most employees would not require a religious exemption, and the government was providing free COVID-19 testing, the implied hardship upon TOBII would be nonexistent or at most, greatly reduced to a minimum.

21.  On December 8, 2021, although the mandatory fully vaccinated date had changed to January 18, 2021, and then to January 4, 2021, and even though the federal mandate for vaccinations had been halted, TOBII held to its initial vaccine mandate. Ms. Carroll emailed TOBII HR to acknowledge that she would give her final answer by January 4, 2021, whether she would receive the COVID-19 vaccine or not. Ms. Carroll also acknowledged that she was not agreeing with

- 5 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

TOBII'S undue hardship position, and that she was being forced to choose between her faith and TOBII'S policy, though accommodations were available. Ms. Carroll also filed a complaint with the EEOC.

22. On December 10, 2021, Ms. Carroll requested second accommodations for her religious accommodations by way of working remotely as she had so successfully earlier in 2020. This request as was also denied.

23. TOBII did not provide an interactive process with Ms. Carroll to discover if an accommodation would be available to meet Ms. Carroll's religious beliefs, though, TOBII stated the various emails and conversations were interactive. There was not an interactive process that involved discovering possible accommodations to satisfy Ms. Carroll's religious exemption request.

24. On December 21, 2021, Ms. Carroll sent a final request to have her religious exemption approved, and also drew attention that the US Government had stated that COVID-19 testing would be conducted for free. TOBII'S undue hardship would be nearly minimal.

25. On December 22, 2021, TOBII emailed a response to Ms. Carroll's December 21 email stating that TOBII was holding to its mandatory COVID-19 vaccine policy. This was the last response from TOBII to Ms. Carroll's religious exemption request.

26. January 4, 2022, Ms. Carroll chose to hold to her faith, not receive the vaccine, and was therefore terminated because of her faith.

27. TOBII was egregiously prejudicial against Ms. Carroll when it failed to accommodate her religious accommodation. At all times Ms. Carroll was willing to submit to testing for COVID-19, wear approved PPE while working in-person with employees and members, and work remotely as she had in 2020. TOBII unreasonably denied Ms. Carroll's request for a religious accommodation and failed to work with Ms. Carroll individually. This is obviously an extreme prejudicial

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

stance by TOBII against Ms. Carroll's strong held religious beliefs.

28. Ms. Carroll received a Notice of Right to Sue (NRTS) from the EEOC on October 26, 2022. Ms. Carroll's EEOC NRTS serves as "Exhibit One" for the purpose of this Complaint.

## **FIRST CAUSE OF ACTION**

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Termination and Retaliation based on Religion Against TOBII**

29. PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

30. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to her or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

31. Ms. Carroll was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

32. Ms. Carroll held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

33. Ms. Carroll's request to have her religious beliefs accommodated was denied.

34. TOBII did not attempt to and refused to accommodate Ms. Carroll with any

of the recommended accommodations they provided in TOBII'S COVID-19 Policy.

**35.** Therefore, Ms. Carroll's religious beliefs and practices were a motivating factor in her termination.

**36.** PLAINTIFF suffered significant damages because of TOBII'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**37.** TOBII intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

**38.** Ms. Carroll is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that TOBII violated her rights under Title VII, and an injunction preventing TOBII from enforcing its discriminatory policies.

**39.** Ms. Carroll is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**

**Failure to Provide Religious Accommodation Against TOBII**

**40.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**41.** Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

**42.** PLAINTIFF suffered significant damages because of TOBII'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**43.** TOBII intentionally violated Ms. Carroll's rights under Title VII with malice or reckless indifference.

**44.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that TOBII violated her rights under Title VII, and an injunction preventing TOBII from enforcing its discriminatory policies.

**45.** PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation based on Religious Creed Against TOBII**

**46.** PLAINTIFF hereby incorporates a realleges the preceding paragraphs as though fully set forth herein.

**47.** Under FEHA, it is an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of employee's religious creed.

**48.** PLAINTIFF was, at all times relevant herein, an employee for purposes of FEHA.

**49.** PLAINTIFF was, at all times relevant herein, a member of a protected religious class.

**50.** FEHA broadly defines religious creed to include all aspects of observance and practice.

**51.** TOBII intentionally discriminated against PLAINTIFF by making an adverse employment decision against her by terminating her employment after seven and one-half years of service.

52.    TOBII demonstrated discriminatory animus toward PLAINTIFF by terminating her employment and showing callous indifference toward her sincere religious beliefs. TOBII subsequently terminated PLAINTIFF or providing any alternative after PLAINTIFF'S request for religious accommodation was denied. TOBII discriminated against the PLAINTIFF based on her sincerely held religious beliefs.

53.    Ms. Carroll suffered damages because of TOBII'S unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

54.    TOBII intentionally violated Ms. Carroll's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

55.    PLAINTIFF is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

## FOURTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodations Against TOBII**

56.    PLAINTIFF hereby incorporates and alleges the preceding paragraphs as though fully set forth herein.

57.    Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the employer demonstrates that is has explored all reasonable means of accommodation of the religious beliefs or observances.

58.    PLAINTIFF was a person and an employee of TOBII within the meaning of FEHA.

59.    TOBII was, at all times relevant herein, employer of PLAINTIFF for

- 10 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

purposes of FEHA.

60. PLAINTIFF is a devout believer in Christianity. TOBII was aware of PLAINTIFF'S sincerely held religious beliefs.

61. PLAINTIFF holds strong beliefs based on her understanding of the teachings of Christianity and her church, which prohibits PLAINTIFF from utilizing vaccines that may be harmful to her body which she considers a temple of the Holy Spirit, or that may use fetal tissue in the discovery, experimentation, or manufacturing of the vaccine.

62. PLAINTIFF requested an accommodation from TOBII. TOBII denied PLAINTIFF'S request for a religious accommodation to PLAINTIFF'S individual situation and beliefs.

63. PLAINTIFF notified TOBII'S administration that she would not be getting the vaccine and that he could not compromise her religious convictions.

64. TOBII'S refusal to accept PLAINTIFF'S religious accommodation request, or even explore any kind of other accommodation for PLAINTIFF'S religious beliefs, was a substantial motivating factor in TOBII'S decision to deprive PLAINTIFF of the employment he had enjoyed for seven and one-half years.

65. PLAINTIFF suffered significant damages because of TOBII'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

66. TOBII intentionally violated PLAINTIFF'S rights under FEHA with malice or reckless indifference.

67. PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs to bring suit, a declaration that TOBII violated PLAINTIFF'S rights under Title VII, and an injunction preventing TOBII from enforcing their discriminatory policies.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

68.     PLAINTIFF is entitled to further relief as more fully set forth below in her Prayer for Relief.

## FIFTH CAUSE OF ACTION

### Wrongful termination in violation of public policy – Common Law Tort Against TOBII

69.     PLAINTIFF hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

70.     PLAINTIFF was terminated for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964, and Cal. Govt. Code § 12900 et seq.

71.     Cal. Govt. Code § 12920 states, "It is hereby declared as the public policy of the state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religious creed."

72.     Cal. Govt. Code §12920 goes on to state, "Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in housing accommodations is declared to be against public policy."

73.     PLAINTIFF was, at all times relevant herein, an employee of TOBII and covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion.

74.     PLAINTIFF was an employee for purposes of 42 U.S.C. § 2000e, et seq.

75.     PLAINTIFF was an employee of TOBII within the meaning of FEHA.

76.     TOBII was, at all times relevant herein, an employer of Plaintiff for purposes of FEHA.

- 12 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

77. PLAINTIFF is a devout follower of Christianity. TOBII was aware of the religious beliefs PLAINTIFF held.

78. PLAINTIFF held a deeply religious objection to receiving the COVID-19 vaccine and was denied accommodation, although, TOBII recognized that PLAINTIFF had sincerely held beliefs.

79. PLAINTIFF told TOBII that she would be willing to adhere to testing and the use of personal protection devices and other accommodations mentioned by TOBII in its COVID-19 Policy.

80. TOBII did not provide an individual reason to the denial for an accommodation to PLAINTIFF.

81. PLAINTIFF felt bullied and coerced into getting the COVID-19 vaccine, causing anxiety and stress due to her employer forcing her to choose between her deeply held religious beliefs and her financial livelihood and job.

82. There were no valid reasons whatsoever for terminating PLAINTIFF'S employment, other than PLAINTIFF requesting accommodation under Title VII and FEHA.

83. PLAINTIFF'S religious beliefs and practices were therefore a motivating factor in her termination. PLAINTIFF suffered a wrongful termination for exercising her right to seek an accommodation of her truly sincere religious beliefs entitled to her under Title VII and FEHA.

84. FEHA declares by statute that such unlawful termination is in violation of public policy.

85. PLAINTIFF suffered significant harm because of TOBII'S unlawful discriminatory actions, including emotional distress, past and future loss of wages and benefits, and the costs associated with bringing this action.

86. TOBII intentionally violated PLAINTIFF'S rights under Title VII and FEHA with malice or reckless indifference.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**87.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that TOBII violated her rights under Title VII, and an injunction preventing TOBII from enforcing its discriminatory policies.

**88.** PLAINTIFF is entitled to further relief as more fully set forth below in her Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A. Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B. Award PLAINTIFF her front pay, including future wages and benefits;

C. Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D. Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E. Award PLAINTIFF her reasonable attorney's fees and costs of suit;

F. Award PLAINTIFF punitive damages.

G. Enjoin TOBII from enforcing its discriminatory policies;

H. Declare that TOBII has violated Title VII of the Civil Rights Act and FEHA; and

I. Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

DATED: 01/20/2023                    PACIFIC JUSTICE INSTITUTE


By: *Michael Peffer*
MICHAEL PEFFER, ESQ.,
PATRICIA KRAUSE SCHNEIDER, ESQ.
Attorneys for Plaintiff,
CHRISTINA CARROLL

# DEMAND FOR JURY TRIAL

PLAINTIFF, CHRISTINA CARROLL hereby demands a jury trial in this matter.

DATED:   01/20/2023              PACIFIC JUSTICE INSTITUTE


By: *Michael Peffer*
MICHAEL PEFFER, ESQ.,
PATRICIA KRAUSE SCHNEIDER, ESQ.
Attorneys for Plaintiff,
CHRISTINA CARROLL

- 1 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

# VERIFICATION

I, Christina Carroll, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 21st day of January 2023, in the County of Los Angeles, State of California.

_____
Christina Carroll

Scanned with CamScanner

1
2
3
4
5
6
7      **EXHIBIT ONE (1)**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 17 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Pittsburgh Area Office**
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 588-6905
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Christina N. Carroll
13272 Sunnyslope Dr
CHINO HILLS, CA 91709

Re: Christina N. Carroll v. TOBII DYNAVOX
EEOC Charge Number: 533-2022-00473

EEOC Representative and phone: Philadelphia Legal Unit, (267) 589-9700

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Deborah A. Kane
Wed Oct 26 00:00:00 EDT 2022

Deborah A. Kane
Area Director

CC: Susan Kennedy, Manager
Jeffrey McClure, Esquire